CASE 2—INDICTMENT—JUNE 3.

# Russell vs. Commonwealth.

APPEAL FROM MAGOFFIN CIRCUIT COURT.

On an indictment for receiving a bribe for his vote, the accused should not be convicted on the evidence of a single witness, unless sustained by strong corroborating circumstances. (*Revised Stat., sec.* 19, *art.* 12, *chap.* 32, 1 *Stant.,* 454.) See opinion for a statement of corroborating circumstances, showing their insufficiency.

A. H. HOWARD and
I. R. BOTTS,                              For Appellant,
              CITED—
*Revised Statutes, secs.* 11 *and* 19, *art.* 12, *chap.* 32.

JOHN RODMAN, Attorney General,        For Appellee,
              CITED—
*Revised Statutes, sec.* 11, *art.* 12, *chap.* 32.
1 *Met.,* 366 ; *Murphy vs. Commonwealth.*
18 *B. Mon.,* 490 ; *Marston vs. Commonwealth.*

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

Appellant, having been indicted in the court below for receiving a bribe for his vote cast in the county of Magoffin at the May election, 1867, held for the election of a member to the Congress of the United States, and having been found guilty by the jury on the trial thereof, and a fine of fifty dollars having been assessed against him, he was adjudged to pay the fine, and to be thereafter disfranchised ; his motion for a new trial was overruled, and he now seeks to reverse the judgment rendered against him.

The fact is established by Patrick that he paid to the brother of appellant the price agreed upon for him to vote for Samuel McKee, one of the candidates at said election, and that he voted for McKee; and it is furthermore proved, that, during the day of the election, he was often seen around the end of the house in which the votes were being taken, in private conversation with individual gentlemen, friends of the respective candidates; but there is no direct evidence that these private conversations were on the subject of the election; neither of the gentlemen with whom they were held was called to testify what was the object of these private interviews, or that any inducements were offered to appellant by them for his vote; and one witness proves, that, before and up to the election, appellant had expressed himself in favor of the election of McKee, and declared his intention to vote for him.

By *section* 19, *article* 12, *chapter* 32, 1 *Revised Statutes, page* 454, it is provided, that " the jury shall never convict any one, under the provisions of this chapter, upon the testimony of a single witness, unless sustained by strong corroborating circumstances."

The substance of the evidence given on the trial has been herein recited, and the offense charged in the indictment was proved by Patrick; but that, according to the provision of the statute, is not enough; he must be sustained by strong corroborating circumstances. Are the circumstances proved in this case of that character? It certainly could not have been difficult to have ascertained who some of those were who had the frequent private conversations around the house, during the day, with appellant, and by them shown whether their conversations with him related to the pending election, his intentions in relation thereto, and what inducements

and motives might influence his vote. Although these frequent private conversations with different individuals during the day were proper to be considered as circumstances corroborating the testimony of Patrick, still, these circumstances were, at least, weakened, if not neutralized, by his previously expressed intention of voting for McKee, which he carried out.

From these views it results, that the instruction given by the court below was erroneous and prejudicial to appellant, and a new trial should have been awarded him on his motion.

It is herein sufficiently indicated what instruction should be given upon the trial of the cause hereafter in the court below, if the evidence should be the same. But as other evidence may be introduced on the trial, after the return of the cause, the court below will give such instructions, doubtless, as will be proper.

For the reasons stated, the judgment is reversed, and the cause is remanded for a new trial, and for further proceedings not inconsistent with this opinion.